# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**CHARLES THOMAS SMITH,**

    Petitioner,

v.                                                   Case No. 5:17cv068-MCR/CAS

**BLACKMON, Warden,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On March 2, 2017, Petitioner Charles Thomas Smith, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He also filed a supporting memorandum. ECF No. 2. On May 15, 2017, Respondent filed an answer, with exhibits. ECF No. 7. Petitioner has filed an Objection to the Warden Response, ECF No. 12, considered as a reply.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner has not demonstrated entitlement to proceed under section 2241 and this petition should be dismissed.

## Background

On August 8, 2011, in the United States District Court for the Southern District of Florida, Case No. 11-CR-80104-DIMITROULEAS, Petitioner Charles Thomas Smith entered a guilty plea to the first count of a superseding indictment, which charged him with using a computer to knowingly attempt to entice a minor to engage in sexual activity under such circumstances as would constitute a criminal offense, in violation of 18 U.S.C. § 2422(b). ECF No. 7 at 2; ECF No. 7-1 at 13 (Ex. 3 – Plea Agreement). The Government agreed to dismiss the second count after sentencing. ECF No. 7-1 at 13. Smith signed a written factual proffer. ECF No. 7-1 at 19-21 (Ex. 4). On October 4, 2011, the district court adjudicated Smith guilty and sentenced him to the mandatory minimum sentence, 120 months in prison, followed by 5 years of supervised release. ECF No. 7-1 at 25-30. The court dismissed the second count. *Id.* at 25. Smith did not appeal, nor did he file a motion pursuant to 28 U.S.C. § 2255.

As indicated above, on March 2, 2017, Smith filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He raises one ground: "Actual inno[ce]nce of the Crime where the government fail[ed] to prove the required elements." *Id.* at 3. In his supporting

memorandum, Smith argues he may proceed under the saving clause of section 2255(e). ECF No. 2 at 2. In particular, he argues his claim is based on a retroactively applicable U.S. Supreme Court decision, <u>Burrage v. United States</u>, 134 S. Ct. 881, 885 (2014). *Id.* at 2, 4-6.

Smith subsequently filed an application in the Eleventh Circuit Court of Appeals, seeking authorization to file a second or successive section 2255 motion. ECF No. 7-1 at 40-41. In an order rendered March 29, 2017, the Eleventh Circuit denied the application as unnecessary because any proposed section 2255 motion would not be second or successive as Smith had not previously filed such a motion. *Id.*

On May 15, 2017, Respondent filed an answer, with exhibits. ECF No. 7. Respondent asserts Smith's petition should be dismissed as he is challenging his conviction and sentence, not the execution thereof, and such claims are properly brought under section 2255, not section 2241. *Id.* at 3, 7. Respondent further asserts the saving clause allows a claim to proceed under section 2241 only if a section 2255 motion is inadequate or ineffective to test the legality of his detention and, here, Smith offers no explanation as to how section 2255 is inadequate or ineffective. *Id.* at 3, 7-8. Respondent asserts the <u>Burrage</u> decision does not apply to Smith's

case.  Id. at 8-9.   Respondent further asserts, to the extent Smith raises claims of deficient proof of the elements of the crime or ineffective assistance of counsel for not raising an entrapment defense, Smith has not shown why he could not raise these claims in a section 2255 motion.  Id. at 9.   Respondent also points out that the expiration of the statute of limitations for a section 2255 motion does not render the section 2255 remedy inadequate or ineffective.   Id. at 10.

Petitioner Smith has filed an Objection to the Warden Response, considered as a reply.   ECF No. 12.   Smith argues that he is relying on the holding in Burrage to show section 2255 was inadequate and that case was decided after his time for filing a section 2255 motion expired.   Id. at 1, 2.   Smith also challenges a statement in his pre-sentence investigation report, which Smith argues, at best, shows he understood that meeting with a minor was wrong and created difficulties for his family.   Id. at 1-2.   Smith further argues there was never a minor; rather, there was an undercover detective enticing Smith.   Id. at 2.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.   See United States v. Hayman, 342 U.S. 205

(1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted section 2255 of Title 28. *See id.* at 212–14, 218.

The language of section 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving section 2241 available to challenge the continuation or execution of an initially valid confinement. *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th

Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).   Thus, section 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In his § 2241 petition, as explained above, Petitioner Smith argues he is actually innocent and thus challenges his conviction.   A collateral attack on the validity of a federal conviction is properly brought under 28 U.S.C. § 2255 in the district of conviction.   *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629.   *Accord* McCarthan, 851 F.3d at 1089.

Further, as pointed out by Respondent, § 2255(e) bars a § 2241

petition if the prisoner "has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added); McCarthan, 851 F.3d at 1081. The italicized language, known as the "saving clause," provides a narrow exception to the bar and allows review of a § 2241 habeas petition only in limited circumstances. McCarthan, 851 F.3d at 1081-82 ("'[S]*aving*[, not savings,] is the precise word' for 'a statutory provision exempting from coverage something that would otherwise be included' . . . ; it has nothing to do with saving a statute from unconstitutionality . . . ."). "The applicability of the saving[] clause is a threshold jurisdictional issue, and the saving[] clause imposes a subject-matter jurisdictional limit on § 2241 petitions." Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38). A petitioner has the burden of demonstrating entitlement to proceed under the saving clause. *Id.*; *accord* McCarthan, 851 F.3d at 1081.

In McCarthan, the Eleventh Circuit recently explained:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an

> adequate procedure to test the prisoner's claim.   And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate.   In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

McCarthan, 851 F.3d at 1086-87; *see id.* at 1079-80, 1096-99 (overruling Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013); and Mackey v. Warden, FCC Coleman-Medium, 739 F.3d 657 (11th Cir. 2014)).   The Eleventh Circuit has determined that "[l]imiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of collateral review."   *Id.* at 1092.   The court explained that only a few circumstances exist where a § 2255 motion would prove inadequate or ineffective to test a petitioner's claim:

> The saving clause has meaning because not all claims can be remedied by section 2255.   A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations.   The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable.   Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved.   Or, as our sister circuit has held, perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner form filing a motion to vacate.   "But only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'"

Case No. 5:17cv068-MCR/CAS

*Id.* at 1092-93 (citations omitted).

Here, Petitioner Smith has not shown entitlement to proceed under the saving clause because his claims (regarding the proof of elements in his case, his conviction, and his sentence) are cognizable under § 2255. Smith attempts to satisfy the saving clause by relying on the U.S. Supreme Court's decision in Burrage.  ECF Nos. 1, 2, 12.  In McCarthan, however, the Eleventh Circuit determined "a change in caselaw does not trigger relief under the saving clause."  McCarthan, 851 F.3d at 1085.  The Eleventh Circuit explained:

> A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim.  Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court.

*Id.* at 1099.  Smith was "free to bring" his claims in a § 2255 motion to vacate – an "adequate and effective means for testing such an argument." McCarthan, 851 F.3d at 1099 (quoting Prost v. Anderson, 636 F.3d 578, 580 (10th Cir. 2011)).  Therefore, Smith cannot now use the saving clause to bring his claims in a § 2241 habeas corpus petition.

Further, even considering Burrage, Smith's reliance thereon is

misplaced, as Respondent indicates.   In Burrage v. United States, 134 S. Ct. 881 (2014), the U.S. Supreme Court interpreted the "death results" enhancement in 21 U.S.C. § 841(b)(1)(C) and held that "at least where use of the drug distributed by a defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." Burrage, 134 S. Ct. at 892.   This enhancement was not applied in Smith's case, however, and indeed Burrage has no application to this case. Regardless, Burrage does not apply retroactively on collateral review.   *See* Herrera v. Warden, FCC Coleman, 596 F. App'x 859, 861 (11th Cir. 2015).

Therefore, in this case, review under § 2241 is not available as Petitioner Smith challenges the validity of his conviction.   Further, Petitioner has not shown entitlement to review under the saving clause, to open the § 2241 portal.   Accordingly, this § 2241 petition should be dismissed for lack of jurisdiction.

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2017.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.